# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| PATRICK DEANGELO BRINSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV415-073 |
| DEP. COREY TOWNSEND, *et al.*, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and using a 42 U.S.C. § 1983 form complaint, Patrick DeAngelo Brinson filed this excessive force (tasering) case against his jailers. Doc. 1 at 5. The Court **DENIES** his motion for leave to proceed *in forma pauperis* (IFP) because he is barred by the "three-strikes" provision of 28 U.S.C. § 1915(g).[1] Doc. 2. Plaintiff's

---

[1] All inmates must pay the $350 filing fee for each case that they file. 28 U.S.C. § 1914. The Prison Litigation Reform Act (PLRA), as codified in statutes like 28 U.S.C. § 1915, enables them to pay that on an installment plan. *See* 28 U.S.C. § 1915(b)(1). But an inmate otherwise must pay that fee outright if he

> has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

three strikes are *Brinson v. Jackson*, CV412-105, doc. 34 (S.D. Ga. Sept. 20, 2013) (§ 1983 action dismissed on abandonment grounds); *Brinson v. Durrance*, CV410-290, 2011 WL 881813 at * 1 (S.D. Ga. Feb. 14, 2011), *adopted*, 2011 WL 890955 (S.D. Ga. Mar. 11, 2011) (dismissed because Brinson *lied* to this Court), and *Brinson v. Prison Health Service*, CV405-051, doc. 60 (S.D. Ga. Sept. 26, 2006) (summary judgment to jail officials on Brinson's medical care claims).[2]

An inmate can avoid those three strikes by showing "imminent danger of serious physical injury" under § 1915(g) at the time he files his complaint. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Johnson v. Warner,* 200 F. App'x 270, (4th Cir. 2006) (prisoner's allegations that he suffered unprovoked assaults by prison personnel which resulted in serious physical injuries, that he was threatened with severe bodily injury or death upon entry into prison, and that he lived in

---

28 U.S.C. § 1915(g). "The purpose of this rule, and the PLRA generally, is to curtail abusive prisoner litigation." *Hines v. Thomas*, 2015 WL 858050 at * 1 (11th Cir. Mar. 2, 2015) (quotes and cite omitted). "Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. § 1915(g)." *Anderson v. United States*, 2014 WL 2625194, *1 (M.D. Fla. June 12, 2014).

[2] *See generally*, *Boney v. Hickey*, 2014 WL 4103918 at * 4-5 (S.D. Fla. Aug. 15, 2014) (collecting cases that illuminate the § 1915(g) strike zone).

2

atmosphere of constant fear in which he knew not when next violent assault may occur, satisfied imminent danger of serious physical harm exception); *Brown v. Johnson*, 387 F.3d 1344, 1349-50 (11th Cir. 2004) (prisoner satisfied "imminent danger" requirement where he alleged that as a result of the denial of his medications, his health would rapidly deteriorate).

Hence, "[a]llegations that the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." *Boddie v. Van Steyn*, 2015 WL 631490 at * 2 (S.D. Ohio Feb. 15, 2015) (quotes and cite omitted). Brinson has alleged only one past instance of tasering and makes no claim that anyone intends to taser him again. Nor does he allege that, at the time he filed his complaint, he was subjected to an atmosphere of constant fear in which he knows not when the next violent assault may occur.[3] Doc. 1 at

---

[3] Even at that, an inmate must supply "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Johnson*, 200 F. App'x at 272, quoted in *Petaway v. Porter*, 2014 WL 4168462 at * 4 (D.R.I. Aug. 20, 2014) (refusing to apply imminent danger exception because inmate's Complaint was based on a prison officer's assault that occurred six months before it was filed, officer was subsequently arrested, and there was no allegation that the practice continued after that arrest).

3

7.

Because of the § 1915(g) bar, this case[4] should be dismissed without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (upon third strike the case should be dismissed without prejudice to re-file it with payment of the full filing fee: "[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed [IFP] pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied [IFP] status. He must pay the filing fee at the time he initiates the suit."). To proceed with this lawsuit, then, Brinson must file a new complaint accompanied by the *full* $350.00 filing fee. *Id.*; *Wright v. Polk County*, 556 F. App'x. 873, 874 (11th Cir. 2014) (upholding dismissal of re-filed case accompanied by only partial, rather than full, filing fee).

To summarize, the Court **DENIES** plaintiff's IFP motion (doc. 2),

---

[4] A question on his form § 1983 Complaint asked Brinson to disclose any other lawsuits that he has brought. Doc. 1 at 2. He initially disclosed only *Brinson v. Prison Health Service*, CV405-051. *Id.* at 2-3. In a follow-up, "Motion to Amend" filing, he discloses *Jackson* and a Middle District of Georgia case, but not *Durrance*. Doc. 3 at 2. This Court does not hesitate to invoke dismissal and other sanctions against cynically mendacious inmates who lie to or otherwise deceive this Court. *See, e.g.*, *Ross v. Fogam*, 2011 WL 2516221 at * 2 (S.D. Ga. June 23, 2011); *Johnson v. Chisolm*, 2011 WL 3319872 at * 1 n. 3 (S.D. Ga. Aug. 1, 2011).

4

**GRANTS** his motion to amend (doc. 3) and advises that this case be **DISMISSED WITHOUT PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this ___15<sup>T</sup>___ day of April, 2015.

                                                  UNITED STATES MAGISTRATE JUDGE
                                                  SOUTHERN DISTRICT OF GEORGIA